**ANTHONY E. COLOMBO JR.**
California State Bar No.  218411
The Senator Building 3rd Floor
105 West "F" Street
San Diego, California  92101
Telephone:  (619) 236-1704
anthonycolombolegal@yahoo.com


Attorneys for Defendant
Neil Brian Limtiaco




UNITED STATES MAGISTRATE COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE LOUISA S. PORTER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08mj1443-POR |
| | ) | |
| Plaintiff, | ) | Date:  May 22, 2008 |
| | ) | Time: 2:00 p.m. |
| v. | ) | |
| | ) | MEMORANDUM OF POINTS AND |
| AN INDIVIDUAL CHARGED AS | ) | AUTHORITIES _____ |
| Neil Brian Limtiaco, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**STATEMENT OF FACTS**

On May 7, 2008, an arrest warrant was issued by the United States District Court for the District of Southern California, to arrest Neil B. Limtiaco, pursuant to an Indictment and arrest warrant that had been filed in the District of Kansas on April 25, 2008.  The Indictment alleges that Neil Limtiaco was involved in the distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). On May 8, 2008, the person charged as Neil Limtiaco was arrested pursuant to the above warrant and brought before the Honorable Louisa S. Porter.  At that time, the government moved to detain the person charged as Neil Limtiaco on the basis of risk of flight.  The Court set a date for both a detention hearing and a removal hearing, May 13, 2008, and May 22, 2008, respectively.  The person charged as Neil Brian Limtiaco now makes the instant request in order to be able to competently prepare for both the Detention Hearing, and Removal Hearing.

## II.

### THE ACCUSED IS ENTITLED TO DISCOVERY IN PREPARATION FOR HIS DEFENSE TO REMOVAL

The person charged as Neil Brian Limtiaco requests discovery from the government to enable him to rebut the allegation that he is the same man wanted in the District of Kansas.

**A.**      **Request for discovery.**

The person charged as Neil Brian Limtiaco requests the following discovery:

(1)  Identity evidence.  The defendant requests any evidence intended to be used by the government to prove identity, including photographs, fingerprints, or other identifying evidence.

(2)  Brady material.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of identity and/or which affects the credibility of the government's case.  Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.

(3)  Henthorn material.  In the likely event that someone will be called to testify on the government's behalf at the removal hearing, the person charged as Neil Brian Limtiaco requests information about the witness, including possible bias and evidence of perjury or like dishonest conduct. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(4)  The Defendant's Statements.  The defendant requests all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at the identity hearing; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at the removal hearing and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; as well as any other statements by the defendant.  Fed. R. Crim. Proc. 16(a)(1)(A), (B).

(5)  Tangible Objects.  The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, or copies of portions thereof, which are material to the defense of mistaken identity or intended for use in the government's case or were obtained from or belong to the

1  defendant.  Fed. R. Crim. Proc. 16(a)(1)(E).

2        (6)  <u>Arrest Reports</u>.  The defendant also specifically requests the government to turn over

3  all arrest reports and records that relate to the circumstances surrounding his arrest or any questioning.

4  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other

5  documents in which statements of the defendant or any other discoverable material is contained.  Such

6  material is discoverable under Fed. R. Crim. Proc. 16(a)(1)(A), (B)(i), (ii), and (iii), and <u>Brady v.</u>

7  <u>Maryland</u>, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos

8  from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the

9  defendant.  <u>See</u> Fed. R. Crim. Proc. 16(a)(1)(E), Fed. R. Crim. Proc. 26.2.

10        (7)  <u>Jencks material.</u>  The defendant is entitled to any prior testimony of an agent or officer

11  who will testify regarding identity. <u>Jencks v. United States</u>, 353 U.S. 657, 668 (1956); 18 U.S.C.

12  § 3500(b).  The statute provides,

13      After a witness called by the United States has testified on direct
examination, the court shall, on motion of the defendant, order the United

14  States to produce any statement . . . of the witness in the possession of the
United States which relates to the subject matter as to which the witness has

15  testified.

16  18 U.S.C. § 3500(b); <u>see also</u> Fed. R. Crim. Proc. 26.2.  Grand Jury testimony of an officer or agent who

17  testifies falls within the meaning of "Jencks material."

18  **B.**      **<u>Discussion.</u>**

19        In making his discovery request, the person charged as Neil Brian Limtiaco has invoked,

20  *inter alia*, Federal Rule 16 of Criminal Procedure, <u>Brady v. Maryland</u>, and the Jencks Act.

21        With respect to the defendant's request for timely and complete discovery, he draws

22  attention to the recent Ninth Circuit opinion, <u>United States v. Howell</u>,  231 F.3d 615 (9th Cir.(Nev.).  In

23  <u>Howell</u>, Judge Trott wrote for the panel:

24      One of the objectives of Rule 16 is to eliminate the idea that a criminal trial
is a sporting contest in which the game of cat and mouse is acceptable.

25  When a prosecutor discovers material mistakes in police reports already
turned over to the defense, the prosecutor must take appropriate steps

26  promptly to notify the defense of the mistakes. This responsibility is part
and parcel of Rule 16(c), which imposes upon the government a continuing

27  duty to disclose.

28  <u>Howell</u>, 231 F.3d 615 (citation and footnote omitted).

1    <u>Howell</u> also quotes the Advisory Committee's notes to Rule 16:

2    [B]road discovery contributes to the fair and efficient administration of
      criminal justice by providing the defendant with enough information to
3    make an informed decision as to plea; by minimizing the undesirable effect
      of surprise at the trial; and by otherwise contributing to an accurate
4    determination of the issue of guilt or innocence.

5    Fed. R. Crim. Proc. 16 Advisory Committee's Note;  <u>Howell</u>, 231 F.3d 615.

6         The policy concerns behind <u>Howell</u> are relevant to the issue of identity at the defendant's

7    removal hearing.  The same policy concerns weigh heavily in favor of allowing a defendant to receive

8    some discovery prior to his removal hearing.  A removal hearing is a vital part of the defendant's case.  A

9    defendant is generally confronted by the government's evidence for the first time at the hearing.  The

10   defendant needs pre-disclosure of the evidence so that he may have a chance to authenticate it and to

11   prepare an adequate defense.  Full and prompt disclosure also facilitates a defendant's decision whether to

12   waive removal.  In other words, if the government shows the strength of its evidence to the defense, the

13   defendant might be more willing to waive the identity hearing knowing the futility of going forward.

14        As to <u>Jencks</u> material[1], the scope of 18 U.S.C. § 3500 limits the Government's burden to

15   produce statements until the witness has testified on direct examination at trial.  18 U.S.C. § 3500(a).  The

16   Federal Rules of Criminal Procedure, however, require the production of statements at proceedings other

17   than trial.  Fed. R. Crim. P. 26.2(g).  The Government must produce statements of witnesses at pre-trial

18   suppression hearings, sentencing hearings, revocation hearings, detention hearings, and hearings under 28

19   U.S.C. § 2255.

20        Policy reasons also require disclosure of Jencks material as well.  The purpose of removal

21   proceedings prior to transporting a defendant to another district is to afford a reasonable amount of

22   protection to safeguard the defendant against an improvident removal to a distant point for trial.  <u>See</u>

23

24   _____

25        [1] There has been a gradual increase in the scope of Rule 26.2.  In 1983, the Rule was
      extended to include pre-trial suppression hearings conducted pursuant to Fed. R. Crim. Proc.   In
26   1993, Rule 26.2 of the Fed. R. Crim. Pro. was specifically amended to extend to proceedings
      other than trial.  The 1993 amendments intended to compel the production of statements in
27   adversary hearings "which ultimately depend on accurate and reliable information."  Rule 26.2,
      Advisory Committee Notes (amended 1993).  The rational for the expansion is that the need for
28   information affecting the credibility of witnesses exists regardless of whether the testimony is
      given at a pretrial hearing, at trial, or at a post-trial proceeding.  <u>Id</u>.

1    United States v. McCord, 695 F.2d 823 (5th Cir. 1983).  The accused at a removal proceeding is entitled

2    to introduce evidence to oppose removal, as well as challenge the government's evidence supporting

3    removal.  Kassin v. Mulligan, 295 U.S. 396 (1935).  In order to accomplish this, a defendant must be

4    given the opportunity to effectively cross-examine the government's witnesses.  "[R]equir[ing] the

5    government to produce the previously recorded statements of its witnesses so that the defense may get the

6    full benefit of cross-examination [is so that] the truth finding process may be enhanced."  Fed. R. Crim.

7    Pro. 26.2 Advisory Committee Notes.  There is simply "a continuing need for information affecting the

8    credibility of witnesses who present testimony, [a]nd that need exists without regard to whether the

9    witness is presenting testimony at a pretrial hearing, or at a trial, or at a post-trial proceeding." Id.  In

10   order for the court to make an accurate and reliable determination disclosure is required.

11            In light of these policy reasons disclosure of Jencks is appropriate.  The only opportunity

12   the person charged as Neil Brian Limtiaco has to contest his removal is to dispute that he is the person

13   named in the information.  To deny him the prior statements of the testifying witnesses would simply be

14   to deny is Fifth Amendment right to Due Process of law, and his Sixth Amendment right to confront the

15   witnesses against him.

16                                              **III.**

17   **THE PLAIN LANGUAGE OF RULE 1101(D) STATES THE RULES OF EVIDENCE MUST**
     **APPLY TO REMOVAL HEARINGS**

18

19            Federal Rule of Evidence 1101(d) concerns the applicability of the Federal Rules of

20   Evidence.  It states the rules of evidence (other than privileges) do not apply to determinations of

21   admissibility, under § 1101(d)(1), to grand jury proceedings, under § 1101(d)(2), or miscellaneous

22   proceedings, under § 1101(d)(3).  Fed. R. Evid. 1101(d).  Miscellaneous proceedings include:

23   "Proceedings for extradition or rendition,; preliminary examinations in criminal cases; sentencing, or

24   granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants;

25   and proceedings with respect to release on bail or otherwise." Id.  Nowhere does the rule state that the

26   rules of evidence are inapplicable to removal hearings.  The list, under the miscellaneous proceedings

27   heading, is exhaustive and Congress would have included Rule 5 (formally Rule 40) removal hearings if

28   it intended for the Rules of Evidence not to apply.  Moreover, Rule 5 itself does not state that the rules of

1  evidence do not apply.  Therefore, due to the plain language of Federal Rule of Criminal Procedure 5 and

2  Federal Rule of Evidence 1101(d), this Court should apply the rules of evidence at the removal hearing.

3                                                    **IV.**

4  **THIS COURT SHOULD APPLY THE PREPONDERANCE OF EVIDENCE BURDEN OF**
   **PROOF ON THE GOVERNMENT**

5

6          Where prosecution in federal court is based on a complaint or information, and the

7  government seeks removal to another district, the two issues before the court are the identity of the

8  accused as the person against whom the charge is pending in the district to which removal is sought, and

9  probable cause that he is guilty of the offense charged.[2] Fed. R. Crim. Proc. 5; Meltzer, 188 F.2d 913 (9th

10 Cir. 1951); Provoo, 16 F.R.D. 341 (S.D.N.Y. 1954).  In other words, removal hearings require probable

11 cause that a crime was committed, and require proof that the person before the court is the person charged

12 with the crime.  The government has the burden to prove both elements before the court may issue a

13 warrant of removal.  Meltzer, 188 F.2d 913; Provoo, 16 F.R.D. 341.  In this case, the person charged as

14 Neil Brian Limtiaco was charged via an Indictment in the removing district.  Therefore, the government

15 must prove identity.

16          The government might contend that it need only present "adequate proof" of identity.

17 United States v. Johnson, 45 F.R.D. 427 (D.Nev 1968).  However, adequate proof should not be construed

18 to mean *de minimis* proof.  In Johnson, the court found adequate proof when the government presented as

19 a witness the FBI agent who had investigated the case and who could identify the defendants from his

20 personal knowledge or from information he personally received while investigating the case.  Similarly,

21 in Smith v. United States, 92 F.2d 460 (9th Cir. 1937), the court found adequate proof where the

22 government witness that testified as to probable cause and identity was the agent who had investigated the

23 case and arrested the defendant.  Id. at 461.  Thus, in both instances the testifying agent had firsthand

24 knowledge of the person charged, and could identify the defendant as that person.

25          In contrast, in Mathues v. Schwartz, 19 F.2d 7 (3d Cir. 1927), the government presented

26

27 _____

28          [2] Where prosecution in federal court is based on an indictment, and the government seeks
   removal to another district, the only issue is identity.  United States v. Mulligan, 295 U.S. 396
   (1935); Provoo, 16 F.R.D. 341.

1  the testimony of an agent who "did not appear before the grand jury" and who did "not know anything

2  about the conspiracy, nor the evidence before the grand jury which tended to connect some Charles

3  Schwartz with it." Id.  The court in this case, upon what can only be considered *de minimis* proof, held

4  that the government failed to prove identity because the evidence did not demonstrate that the Charles

5  Schwartz arrested in one district, and the Charles Schwartz indicted in another, were one and the same

6  person.

7          Therefore, based on Johnson, Smith, and Mathues v. Schwartz, more likely, the standard

8  for proving identity is identical to the standard for proving that a crime was committed:  probable cause or

9  preponderance of the evidence.  See Meltzer v. United States, 188 F.2d 913, 914 (9th Cir. 1951) ("[T]here

10  must be probable cause to believe [that the defendant] is the person who did the alleged criminal acts.");

11  See also Horner v. U.S., 143 U.S. 207 (1892) (if identity is questioned then it must be proven as any other

12  question of fact).  The person charged as Mr. Neil Brian Limtiaco requests that this standard be applied to

13  his proceedings as it is both consistent with applicable case law, and the policy reasons behind the

14  procedural protection of a removal hearing.  See McCord, 695 F.2d 823 (5th Cir. 1983) (The purpose of

15  proceedings for removal of a defendant to another district  is to afford a reasonable amount of protection

16  to safeguard the defendant against an improvident removal to a distant point for trial).

17  **V.**

18  **CONCLUSION**

19          For the foregoing reasons, the defendant respectfully requests that this court grant his

20  motions as stated above.

21

22                                  Respectfully submitted,

23  Dated: May 12, 2008                    *Anthony E Colombo Jr.*
                                     Attorney for the person charged as

24                                       Neil Brian Limtiaco

25

26

27

28